IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SILVER STATE CONSTRUCTION COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-978C |
| v. | ) | Judge Bush |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Paragraph 1 is simply plaintiff's introduction to its complaint, and, thus, no response is required; to the extent that paragraph 1 may be deemed an allegation of fact, it is denied.

2. The allegations contained paragraph 2 are conclusions of law and plaintiff's characterization of this action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. Denies the allegations in paragraph 3 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

4. Admits.

5. Admits the allegations contained in paragraph 5 to the extent supported by the contract at issue, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract at issue, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract at issue, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract at issue, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits.

10. Denies the allegations in paragraph 10 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

11. Admits the allegations contained in paragraph 11 to the extent supported by the contract and specifications at issue, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 11.

12. Admits that Silver State submitted test results to the Government. The remaining allegations contained in paragraph 12 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

14. Denies.

15. The allegations contained in paragraph 15 are vague and unclear, and cannot be admitted or denied without further information and clarification. Therefore, defendant denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

16. Denies.

17. The allegations contained in paragraph 17 are vague and unclear, and cannot be admitted or denied without further information and clarification. Therefore, defendant denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

18. Admits the allegations contained in paragraph 18 to the extent supported by the contract at issue, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. The allegations contained in paragraph 19 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 are vague and unclear because the test results referenced are not identified, and they cannot be admitted or denied without further information and clarification. Therefore, defendant denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

21. Admits.

22. The allegations contained in paragraph 22 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

31. Denies.

32. Admits.

33. Admits the allegations contained in paragraph 33 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 34.

35. Denies.

36. Defendant incorporates by reference its responses to paragraphs 1 through 35 of plaintiff's complaint.

37. Denies.

38. Denies.

39. Denies.

40. Defendant incorporates by reference its responses to paragraphs 1 through 39 of plaintiff's complaint.

41. Admits the allegations contained in paragraph 41 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Denies.

43. Denies the allegations contained in paragraph 43 to the extent that it implies a concession by the Government that "flooding" occurred on the project site. Otherwise, admits the allegations contained in paragraph 43.

44. Admits the allegations contained in paragraph 44 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 44.

45. Denies.

46. Denies.

47. Denies.

48. Admits the allegations contained in paragraph 48 to the extent supported by the September 13, 2002, letter, which is the best evidence of its contents; otherwise denies the

allegations contained in paragraph 48.

49. Denies the allegations contained in paragraph 49 to the extent that it avers that "flooding" occurred on the project site. Otherwise, admits the allegations contained in paragraph 49.

50. Admits the allegations contained in paragraph 50 to the extent supported by the March 21, 2003, document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 50.

51. Admits the allegations contained in paragraph 51 to the extent supported by the November 23, 2004, document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 51.

52. Admits that the Government denied plaintiff's claim. Otherwise, denies the allegations contained in paragraph 52.

53. Denies.

54. Defendant incorporates by reference its responses to paragraphs 1 through 53 of plaintiff's complaint.

55. The allegations contained in paragraph 55 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

56. Defendant incorporates by reference its responses to paragraphs 1 through 55 of plaintiff's complaint.

57. Admits the allegations contained in paragraph 57 to the extent supported by the contract, including all modifications, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 57.

58. Admits the allegations contained in paragraph 58 to the extent supported by the contract, including all modifications, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 58.

59. Admits the allegations contained in paragraph 59 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 59.

60. Admits the allegations contained in paragraph 60 to the extent supported by the contract, including all modifications, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 60.

61. Denies.

62. Admits the allegations contained in paragraph 62 to the extent supported by the October 28, 2002, request, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 62.

63. Admits.

64. Admits.

65. Admits.

66. Admits.

67. Admits the allegations contained in the first two sentences of paragraph 67. Admits the allegations contained in the third sentence of paragraph 67 to the extent supported by the notice of noncompliance, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 67.

68. The allegations contained in paragraph 68 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

69. Denies.

70. Admits.

71. The allegations contained in paragraph 71 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

72. Denies.

73. Denies.

74. The allegations contained in paragraph 74 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

75. Denies.

76. Denies.

77. Denies.

78. Admits.

79. Denies.

80. Defendant incorporates by reference its responses to paragraphs 1 through 79 of plaintiff's complaint.

81. The allegations contained in paragraph 81 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

82. Defendant incorporates by reference its responses to paragraphs 1 through 81 of plaintiff's complaint.

83. Denies.

84. Denies.

85. Admits the allegations contained in paragraph 85 to the extent supported by the referenced modifications, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 85.

86. Denies the allegations in paragraph 86 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

87. Admits that plaintiff submitted a claim, which defendant denied. Otherwise, denies the allegations contained in paragraph 87.

88. Denies.

89. Defendant incorporates by reference its responses to paragraphs 1 through 88 of plaintiff's complaint.

90. Admits the allegations contained in paragraph 90 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 90.

91. Denies.

92. Denies the allegations in paragraph 92 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

93. Admits.

94. Admits that the seed spread on the project was less than the amount estimated in the contract. Otherwise, denies the allegations contained in paragraph 94.

95. Admits the allegations contained in paragraph 95 to the extent supported by the FAR clause, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 95.

96. The allegations contained in paragraph 96 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

97. Admits that plaintiff requested payment of the stated sum. The remaining allegations contained in paragraph 97 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

98. Admits that the Government did not respond to plaintiff's request for payment. The remaining allegations contained in paragraph 98 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

99. Denies.

100. Defendant incorporates by reference its responses to paragraphs 1 through 99 of plaintiff's complaint.

101. Admits the allegations contained in the first sentence of paragraph 101 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 101. Admits the allegations contained in the second sentence of paragraph 101. The allegations contained in the third sentence of paragraph 101 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

102. Denies.

103. Admits.

104. Denies.

105. Defendant incorporates by reference its responses to paragraphs 1 through 104 of plaintiff's complaint.

106. Denies.

107. Denies.

108. Denies.

109. Admits.

110. Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 109, or to any relief whatsoever.

111. Denies each and every allegation not expressly admitted or otherwise qualified.

AFFIRMATIVE DEFENSE

Appellant's claim is barred by the doctrine of accord and satisfaction.

WHEREFORE, defendant requests that the Court enter judgment in favor of defendant, that the complaint be dismissed, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Doris S. Finnerman
DORIS S. FINNERMAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Department of Justice
Tel: (202) 307-0300
Fax: (202) 305-7643

Attorneys for Defendant

December 23, 2005