IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SILVER STATE CONSTRUCTION COMPANY, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-978C<br>Judge Bush |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to the Rules of the United States Court of Federal Claims, Appendix A, the parties submit this Joint Preliminary Status Report.

a. Jurisdiction

Plaintiff contend that the Court possesses jurisdiction to consider this action pursuant to 28 U.S.C. § 1491 and 41 U.S.C. § 601. At this time, the United States knows of no reason to question the Court's jurisdiction.

b. Consolidation

This case should not be consolidated with any other case.

c. Bifurcation

The issues of liability and damages should be tried together.

d. Deferral

Proceedings in this case should not be deferred pending consideration of any other case.

e. Remand Or Suspension

Neither party will seek to remand or suspend this case.

f. Joinder Of Additional Parties

At this time, neither party intends to join additional parties.

g. Motions Pursuant To RCFC 12(b), 12(c) Or 56

At this time, the parties do not believe that dispositive motions are feasible prior to the completion of discovery.

h. Relevant Factual And Legal Issues

In 2001, the Department of Interior, Bureau of Indian Affairs, awarded a contract to plaintiff to construct highway improvements. Plaintiff submitted several claims to the contracting officer, which are now the subject of this suit. In summary, the relevant issues are as follows:

1. Whether the Government made a compensable change to the contract by requiring that the "borrow" needed for performance of the contract meet certain standards of ph and corrosiveness.

2. Whether the contract specifications for the borrow required under the contract were defective.

3. Whether major flooding occurred at the work site.

4. If major flooding occurred at the work site, whether the Government's failure to assume responsibility for losses and damages caused by the major flooding constituted a change to or a breach of the contract.

5. Whether winter conditions existed and, if so, whether the Government improperly stopped work at the site due to winter conditions.

6. If the Government did improperly stop work at the site due to winter conditions, whether such conduct constituted a change to or a breach of the contract.

7. Whether Silver State is entitled to field management, field office, and overhead costs associated with changes for which contract modifications were issued, or whether such costs are barred by the doctrine of accord and satisfaction.

8. Whether plaintiff is entitled to recover its excess cost for seed, when the amount actually used was less than the estimated amount set forth in the contract.

9. Whether plaintiff suffered any damages as a result of the fact that plaintiff was required to excavate less material than the estimated amount in the contract.

10. Whether the Government has wrongfully withheld the final payment on the contract.

11. Whether the plaintiff is entitled to any damages.

i. Settlement

At this time, the parties believe it is too early in the litigation to provide an opinion as to the likelihood of settlement. This case is in the Court’s ADR pilot program, and the parties have been in regular contact with Judge Horn, the assigned ADR judge.

j. Trial

If this matter cannot be resolved through settlement or by dispositive motion, the parties anticipate that the case will

proceed to trial. Neither party requests an expedited trial schedule as it is anticipated that discovery will take more than 90 days and the trial will required more than three days. The parties anticipate that the trial, if any, would take place in either Colorado or New Mexico.

k. Electronic Case Management

There are no special issues regarding electronic case management.

l. Additional Issues

The parties are not aware of any other information that the Court should be aware of at this time.

m. Proposed Discovery Plan

Pursuant to RCFC Appendix A, ¶ 5, the parties propose that they be allowed ten months for discovery, through December 31, 2006. The parties propose to make their disclosures of expert testimony, if any, by September 15, 2006, and would complete their depositions or other discovery of experts by December 31, 2006. The parties stipulate that each may serve upon the other written interrogatories not to exceed 50 in number, not including all discrete subparts.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White Jr.
by/ Donald E. Kinner
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Daniel E. Evans
DANIEL E. EVANS
Godin & Baity, LLC
1050 17th Street, Suite 1610
Denver, CO 80625
Tel: (303) 572-3100
Fax: (303) 572-3400

s/ Doris S. Finnerman
DORIS S. FINNERMAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Department of Justice

Tel: (202) 307-0300
Fax: (202) 305-7643

February 10, 2006

Attorneys for Defendant